IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JOSEPH BRADLEY, et al.,

        Petitioners,   :   Case No. 2:20-cv-2676

- vs -   District Judge Michael H. Watson
   Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss (ECF No. 7) which Petitioners oppose (ECF No. 9).

Petitioners brought this action pursuant to 28 U.S.C. 2254 on behalf of themselves and "and all similarly situated Ohio inmates." (Petition, ECF No. 1, PageID 2). They style it as an "emergency" petition and assert that they are challenging "the execution of their sentences, rather than the validity of the convictions themselves or prison conditions." Their claim is that, given the parameters of the current COVID-19 pandemic, continuing to confine them in Ohio prisons exposes them to a risk of infection and consequent serious illness which is unconstitutional under the Cruel and Unusual Punishment Clause of the Eighth Amendment. They seek temporary, preliminary, and permanent injunctive relief

> requiring Respondent to identify within six (6) hours of the Court's order, and submit to the Court a list of all medically vulnerable class and subclass members, and release all such persons within twenty-

1

>> four (24) hours, with such release to include support to ensure social distancing and other expert recommended measures to prevent the spread of coronavirus.

*Id.* at PageID 11.  They define "release" as

>> discharge of incarcerated persons from the physical confines of Ohio prisons, not necessarily release from custody. Petitioners suggest that release options may include but not limited to: release to home confinement, transfer furlough to a halfway house, or community supervision. In other words, Petitioners seek an "enlargement," which is sometimes referred to by courts as a "release."

*Id.*

Petitioners Bradley and Netherland filed their Petition *pro se* May 26, 2020.  Chief Magistrate Judge Deavers, to whom this case was initially referred[1], issued an Order for Answer two days later with a response time from the State much shorter than that usually allowed in § 2254 cases (ECF No. 2).  Judge Deavers specifically instructed the State to "address whether this action is more appropriately addressed under either the provision of 28 U.S.C. § 2241 or 18 [42] U.S.C. § 1983."  The State has appropriately addressed these questions by means of the pending Motion to Dismiss.

The Magistrate Judge confirms this Court has subject matter jurisdiction over claims under 28 U.S.C. § 2254 brought by these two Petitioners because each is confined in custody in this District upon conviction of a crime in the Ohio courts.  The Court is authorized to exercise that jurisdiction as to Petitioner Netherland even though he has previously filed a petition under 28 U.S.C. § 2254 because his present claim (Cruel and Unusual Punishment by virtue of confinement in a prison during the COVID-19 pandemic) was not ripe for consideration at the time of his prior petition.  See *Panetti v. Quarterman,* 551 U.S. 930 (2007).

---

[1] The Magistrate Judge reference in the case has been transferred to the undersigned to help balance the Magistrate Judge workload in this judicial district.

Although the Court has subject matter jurisdiction, the Petition should be dismissed without prejudice because it does not state a claim upon which habeas corpus relief can be granted.

Beginning with Preiser v. Rodriquez, 411 U.S. 475 (1973), the federal courts have drawn careful lines between relief properly considered in a habeas corpus action and relief that is proper to a civil rights action under 42 U.S.C. § 1983. In Preiser the Supreme Court refused to allow consideration of release from custody in a § 1983 case because that would bypass the procedural requirements of a habeas action. In Nelson v. Campbell, 541 U.S. 637 (2004), and Hill v. McDonough, 547 U.S. 573 (2006), over objection of prison officials that the relevant claims were required to be made in habeas, the Court held challenges to methods of executing capital sentences could be brought in § 1983 cases because it is about means of executing a sentence. Since shortly after Nelson, this Court has entertained a long series of such challenges under § 1983, now consolidated in In re Ohio Lethal Injection Protocol Litig., Case No. 2:11-cv-1016.

A number of plaintiffs in the Protocol Case have sought to challenge Ohio's chosen method of execution by filing habeas corpus cases as well. After some ambiguity on that question, the Sixth Circuit has now firmly held that method of execution claims must be brought in a § 1983 case and cannot be brought in habeas. *In re Campbell*, 874 F.3d 454 (6th Cir. 2017). The Sixth Circuit has since recognized that Campbell is binding precedent, despite dictum in *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016). *In re: Kenneth W. Smith*, 2018 U.S. App. LEXIS 8083 (6th Cir. Mar. 29, 2018). The circuit court has also held this conclusion is not abrogated by *Bucklew v. Precythe,* 139 S. Ct. 1112 (2019). *In re: Kenneth W. Smith*, 806 Fed. Appx. 462 (6th Cir. 2020). *Campbell* arose in this Court and the Sixth Circuit affirmed the position this Court had taken in a number of capital cases that method of execution claims must be brought in § 1983 cases and not in habeas corpus.

*Campbell* is controlling here.  Petitioners expressly disclaim that they are challenging their convictions (Petition, ECF No. 1, PageID 2).  Instead, they say they are challenging the fact of confinement and not the conditions of their confinement.  That is a distinction without legal significance.  Petitioners admit that they continue to be subject to custody because of their convictions, but seek to have this custody carried out in some way other than by confinement in Ohio's prisons.  Perhaps another way of putting it is that they have been sentenced to multiple years of imprisonment and seek to have this Court dictate non-imprisonment custody in which they can satisfy their custodial sentences because imprisonment itself has become unconstitutional under these pandemic conditions.  But if this Court is to dictate the conditions under which Petitioners will serve their custodial sentences, it must do so in a case brought under 42 U.S.C. § 1983.

As Respondent notes this is the position the undersigned has already taken in *Aultman v. Shoop,* 2020 U.S. Dist. LEXIS 92654 S.D. Ohio May 27, 2020)[2].  Like Petitioners here, Aultman was confined at Chillicothe Correctional Institution and complained of advanced age and heightened susceptibility to COVID-19 (although at the time there had only been four diagnosed COVID-19 cases at CCI).  As here, the undersigned recommended dismissal without prejudice because the Court does not have authority to grant the sort of relief sought in a habeas corpus case.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed without prejudice for failure to state a claim upon which habeas corpus

---

[2] Although Aultman was represented by counsel, he did not object to this recommendation, but voluntarily dismissed his petition after it was filed.

relief can be granted.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 14, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.