UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH BRADLEY, et al.,**

        Petitioners,        Case No. 2:20-cv-2676

   v.                            **Judge Michael H. Watson**
                                 **Magistrate Judge Michael R. Merz**

**TIM SHOOP, Warden,**
 **Chillicothe Correctional Institution,**

        **Respondent.**

**OPINION AND ORDER**

Petitioners object, ECF No. 12, to Magistrate Judge Merz's Report and Recommendations ("R&R") recommending the Petition in this habeas corpus case be dismissed without prejudice, ECF No. 11.

Under Federal Rule of Civil Procedure 72(b), the District Judge to whom a case is assigned is required to review *de novo* all portions of a Magistrate Judge's R&R on a dispositive matter to which objection is made. The Court has conducted that *de novo* review and rules on the objections herein.

Petitioners first object that the R&R appears to be in "direct conflict" with the finding of Chief Magistrate Judge Elizabeth Preston Deavers, to whom this case was referred upon filing, that "it does not plainly appear from the face of the Petition and exhibits attached thereto that Petitioners are not entitled to relief." Obj., ECF No. 12, PAGEID # 140 (quoting Order, ECF No. 2, PAGEID # 17).

There is no conflict between Chief Magistrate Judge Deavers' Order and Magistrate Judge Merz's R&R. Respondents who hold prisoners in custody are not required to reply to a habeas corpus petition until ordered to do so by the Court. In fact, no service of process is made on them until the Court has conducted the required review under Rule 4 of the Rules Governing § 2254 Cases.

This Petition raised issues concerning the impact of COVID-19 in the Ohio prison system and sought the release of two classes of state prisoners due to the spread of the virus within the Ohio prison system. Obviously, in light of the COVID-19 pandemic, it was important to get the State's position as promptly as possible. Chief Magistrate Judge Deavers' Order implied no position on the ultimate merits of the Petition and instead merely directed the State to respond to the same. In fact, her Order specifically recognized that the State may have affirmative defenses that could defeat Petitioners' claims. There is thus no conflict between ordering the State to respond to Petitioners' Petition and later finding the Petition should be dismissed without prejudice.

Second, Petitioners disagree with Magistrate Judge Merz's reliance on *In re Campbell*, 874 F.3d 454 (6th Cir. 2017), for the proposition that habeas cannot be used to challenge the method of execution of a sentence (as Petitioners seek to do here), but that such challenges must be brought under 42 U.S.C. § 1983. Petitioners argue *Campbell* is limited to methods of execution of death sentences. On the contrary, *Campbell* maintains the long-standing distinction between actions challenging the constitutionality of custody *per se* and the means of carrying out

that custody; the former action must be brought in habeas and the latter under 42 U.S.C. § 1983.[1]

Bradley and Netherland rely on *Greene v. Tenn. Dept. of Corr.*, 265 F.3d 369 (6th Cir. 2001). Petitioner there brought a habeas action under 28 U.S.C. § 2241 to challenge the denial of good time credits. He lost and sought to appeal without a certificate of appealability, contending his lengthened detention arose out of a Department of Corrections decision rather than the underlying state-court judgment. The Sixth Circuit rejected that claim and held that because the underlying basis of his confinement was a state-court judgment, any appeal was subject to the certificate of appealability requirement of 28 U.S.C. § 2253(c)(1)(a). *Greene* simply does not speak to the issues presented here.

Magistrate Judge Merz characterized Petitioners' challenge as being to their "conditions of confinement." Petitioners object that they are challenging the very fact of confinement. Not so. As the R&R concluded, Petitioners are not challenging the authority of the State of Ohio to keep them in custody pursuant to a judgment of a state court. Rather, they are challenging the authority of the State to keep them in custody *in the Ohio state prison system* and instead argue for confinement in a halfway house or on home detention. In other words, they don't seek release but instead seek to serve their custodial sentence in a place other

---

[1] Petitioners are of course correct that dictum in any opinion is not controlling precedent. But it was in *Campbell* that the Sixth Circuit held it was not bound by dictum in *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), which did allow method of execution claims to be brought in habeas.

than an Ohio prison. That is a challenge to the conditions of confinement, not a challenge to confinement itself, and therefore falls squarely within *Campbell*.

After *de novo* review, Petitioner's Objections are **OVERRULED**. The Clerk is ordered to enter judgment dismissing the Petition for failure to state a claim upon which habeas corpus relief may be granted, without prejudice to renewal of Petitioners' claims in an action under 42 U.S.C. § 1983. Because reasonable jurists would not disagree with this conclusion, Petitioners are **DENIED** a certificate of appealability, and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

      __/s/ Michael H. Watson_____
      **MICHAEL H. WATSON, JUDGE**
      **UNITED STATES DISTRICT COURT**